UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS LOPEZ,<br>Petitioner,<br>v.<br>STATE OF NEVADA,<br>Respondent. | Case No. 3:26-cv-00643-MMD-CSD<br>ORDER |

## I. SUMMARY

*Pro se* Petitioner Luis Lopez filed a Motion for Post Conviction Habeas Corpus Modification of Illegal Sentence. (ECF No. 1-1.) This Court ordered Lopez to file a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on the Court's approved form. (ECF No. 5.) Lopez timely complied, filing his Petition on September 10, 2026. (ECF No. 6.) The Court now conducts an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and, finding that Lopez's claims are not cognizable in this federal habeas action, dismisses the Petition.

## II. BACKGROUND[1]

On April 14, 2025, the state district court entered a judgment of conviction, convicting Lopez of battery with intent to commit robbery and robbery with the use of a deadly weapon. *State of Nevada v. Luis Lopez*, C-24-385870-2. Lopez was sentenced to 36-to-120 months for the battery conviction and 36-to-120 months for the robbery conviction plus a consecutive 24-to-60 months for the deadly weapon enhancement. It does not appear that Lopez appealed his judgment of conviction. Lopez filed a state

[1]Judicial notice is taken of the docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

habeas petition on May 6, 2026. *Luis Lopez v. State of Nevada*, A-26-945928-W. The state court denied the petition on July 28, 2026. It does not appear that Lopez appealed this decision.

In his instant Petition, Lopez alleges that Nevada Revised Statute § 171.010, which is the statute that gives Nevada state courts their jurisdiction, lacks any foundation or legislative source. (ECF No. 6.) Thus, according to Lopez, the state court had no right to sentence or incarcerate him. (*Id.*)

## III. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Lopez's challenge to his convictions, which is based on the allegation that the Nevada state courts lacked jurisdiction due to Nevada's invalid statutory scheme, is an issue of state law. It is not the province of a federal habeas court to examine issues of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Rather, federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Lopez's claim is not cognizable in this federal habeas corpus proceeding. Further, the Nevada state court had jurisdiction over Lopez's underlying criminal case under the Nevada Constitution. *See* N.V. Const. art. VI, § 6. And Nevada Revised Statute § 171.010 does not address the state court's jurisdiction; rather, it provides criminal liability for persons committing offenses within Nevada.

///

///

## IV. CONCLUSION

It is therefore ordered that the Petition (ECF No. 6) is dismissed. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (2) provide the Nevada Attorney General with copies of this Order and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final judgment dismissing this action, and (4) close this case.

DATED THIS 14th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.